secretario se haga referencia a que la sentenciá se registró
o que la apelación fué interpuesta sino que es indispensable
que las copias de esos documentos formen parte de la trans-
cripción de los autos.   El artículo 300 del Código de Enjuicia-
miento Civil claramente dispone que cuando se apele de una
orden, el apelante deberá presentar a la corte de apelación
una copia del escrito interponiendo el recurso y como no ha
cumplido el apelante con la ley, no aparece del récord que
tengamos jurisdicción para resolver su recurso y de acuerdo
con el artículo 303 debe ser desestimado.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados Wolf y del Toro.

El Juez Asociado Sr. MacLeary no tomó parte en la reso-
lución de este caso.

---

CAUTIÑO ET AL., DEMANDANTES Y APELANTES, *v.* MUÑOZ ET AL.,
DEMANDADOS Y APEADOS.

APELACIÓN procedente de la Corte de Distrito de Guayama.

MOCIÓN interponiendo apelación para ante la Corte Suprema
de los Estados Unidos.

No. 1038.—Resuelto en noviembre 11, 1913.

APELACIONES A LA CORTE SUPREMA DE LOS ESTADOS UNIDOS—SENTENCIAS DEFI-
NITIVAS—RESOLUCIONES DESESTIMANDO UNA APELACIÓN.—Las resoluciones de
esta corte desestimando una apelación por no haberse radicado la transcrip-
ción de autos dentro del término legal, no son apelables para ante la Corte
Suprema de los Estados Unidos, por no constituir sentencias definitivas para
los efectos de una apelación interpuesta bajo la sección 244 del Código Judi-
cial de los Estados Unidos de marzo 3, 1911.

Los hechos están expresados en la resolución del tribunal.
Abogado de los apelantes: *Sr. Herminio Díaz Navarro.*
Abogados de los apelados: *Sres. José Tous Soto, Willis
Sweet y Pedro Gómez Lasserre.*

## RESOLUCIÓN DEL TRIBUNAL.

POR CUANTO la parte demandante con fecha 7 de noviembre corriente, ha presentado un escrito de apelación para ante la Corte Suprema de los Estados Unidos contra la resolución dictada por esta corte en este caso el 17 de octubre último, en virtud de la cual se declaró con lugar la moción de la parte demandada para que se desestimara esta apelación, habiendo presentado la parte demandante el señalamiento de errores y una certificación del secretario de la Corte de Distrito de Guayama, para acreditar que el importe del memorándum de costas aprobado por la corte inferior en este caso asciende a siete mil cuarenta y ocho dólares sesenta y cinco centavos ($7,048.65).

POR CUANTO de acuerdo con la sección 244 del Código Judicial de los Estados Unidos de marzo 3, 1911, únicamente son apelables las sentencias y decretos definitivos de esta corte, y según la jurisprudencia establecida por la Corte Suprema de los Estados Unidos en los casos de *Wenar* v. *Jones,* Obispo de Puerto Rico, 217 U. S., 593, y *Harrington* v. *Holler,* 111 U. S., 796, no constituye sentencia definitiva para los efectos de la apelación a la Corte Suprema de los Estados Unidos una resolución desestimando una apelación por no haberse radicado la transcripción de autos dentro del término legal.

POR TANTO vista la sección 244 de dicho Código Judicial, la jurisprudencia citada y la práctica seguida por este tribunal en los casos números 961 y 968 de *Vilella et al.* v: *Vilella et al.* en los cuales se denegó la apelación con fecha 1º. de abril de 1913, este tribunal declara no haber lugar a admitir el recurso de apelación interpuesto por la parte demandante y apelante contra la resolución dictada por esta corte en este caso el 17 de octubre último.

*Denegada là apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.

El Juez Asociado. Sr. MacLeary no tomó parte en la resolución de este caso.